E-FILED
Tuesday, 20 October, 2026 03:39:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CRAIG WILLIAMS, *also known as* Kathyleen Monrose | ) | |
| Plaintiff, | ) | 26-1172 |
| v. | ) | |
| ROB JEFFREYS, *et al.* | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff[1], proceeding pro se and presently detained at Cook County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

[1] Plaintiff attached a letter to his complaint asking the Court to identify him as "Kathyleen Monrose." (Doc. 1 at 8). Plaintiff is still listed as Craig Williams in IDOC records, and for purposes of the caption in this case, the Court will refer to him as such. The Court has added an "also known as" to the caption and will refer to Plaintiff by the pronouns she/her.

Plaintiff alleges that she was incarcerated at Pontiac Correctional Center. Plaintiff alleges that mental health officials placed her on suicide watch. She alleges that two correctional officers later escorted her to a bench where she remained restrained with excessively tight handcuffs and leg shackles. Plaintiff alleges that she lost consciousness and later awoke with a swollen jaw and right ankle and feeling as if she had been administered anesthesia. Plaintiff alleges that she "could hear a particular voice and sound that was coming from my own [two] ears" and believed that a device had been implanted in her ears.

Plaintiff alleges that, upon transfer to Dixon Correctional Center, she "then noticed I had some sort of eye surgery" that implanted "some sort of contact lens…that allow us to see other people that is no[t] in our institution." Plaintiff sued Defendants Jeffreys, Hughes, and Hinton because they were in charge.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff cannot proceed against the officials he named as defendants just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Claims arising out of Dixon Correctional Center would involve officials different than those allegedly responsible for any constitutional deprivation that occurred at Pontiac. Any claims arising out of Dixon are dismissed without prejudice. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

Plaintiff's allegations that prison officials surgically implanted a device into her ears without her consent or knowledge are too implausible for the Court to find that Plaintiff states a claim. The Court finds that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the

opportunity to clarify her allegations and provide any additional information she desires the Court to consider.

**Plaintiff's Motions to Request Counsel (Docs. 4, 13)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that she made a reasonable effort to obtain counsel on her own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that she contacted attorneys are not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motions are denied with leave to renew.

**Plaintiff's Motion for Service at Government Expense (Doc. 5)**

Plaintiff's motion is denied as premature. If Plaintiff is able to state a claim, the Court will take steps to serve the appropriate defendants.

**Plaintiff's Motion to File Complaint as Class Action (Doc. 6)**

Plaintiff asks to file this complaint as a class action. A class action can be maintained only if the class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff is proceeding pro se, and she has not shown, among other things,

how she would be able to adequately represent any defined class in this lawsuit. *Boyce v. Cox*, 170 F.4th 613, 618 (7th Cir. 2026). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motions [4][13] are DENIED with leave to renew.**

3) **Plaintiff's Motions [5][6] are DENIED.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 20th day of October, 2026.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE